UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE A. FEDERICO,<br><br>            Plaintiff,<br><br>     v.<br><br>KERN COUNTY PUBLIC DEFENDER'S OFFICE, KERN COUNTY SHERIFF'S DEPARTMENT, and COUNTY OF KERN,<br><br>            Defendants. | Case No.: 1:14-cv-00702 - ---  - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Lawrence Federico ("Plaintiff") seeks to proceed *pro se* with an action against the Kern County Public Defender's Office, Kern County Sheriff's Department, and the County of Kern (collectively, "Defendants"). Plaintiff initiated this action by filing his complaint and a motion to proceed *in forma pauperis* on May 7, 2014. (Docs. 1-2.) For the following reasons, Plaintiff's complaint is **DISMISSED** with leave to amend.

**I.     Motion to proceed in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed the applications and has determined Plaintiff has made an adequate showing of indigence to satisfy the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

1

## II. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

## IV. Discussion and Analysis

Plaintiff alleges that "[a]gents of the Kern County Sheriff's Department executed a warrant on [his] property" on January 17, 2013. (Doc. 1 at 2.) Plaintiff asserts that "th[e] property had been the subject of a civil or criminal investigation -- from which the plaintiff had been arrested and the charges later dropped." (*Id.*) According to Plaintiff, he was represented by the public defender, who did not inform him "of all the aspects and breaking news in his case." (*Id.*) Further, Plaintiff alleges the Kern County Sheriff's Department violated Plaintiff's due process rights by failing to "notify[] him that charges were re-filed." (*Id.*)

Plaintiff asserts he was detained on October 17, 2013 when "attempting to visit his step-son at a mental health facility" by officers at the facility. (Doc. 1 at 2.) He alleges that he was "held in a room for hours," and while waiting for the Sheriff's Department officials "to come and pick him up," "[h]e was denied access to his medication, not allowed to call his attorney… and was left without a meal for more than six hours." (*Id.*)

### A. Failure to Comply with Rule 8

The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted). Vague allegations do not support a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff provides few facts such that the defendants would have fair notice of his claims. Although Plaintiff asserts the Kern County Sheriff's Department did not meet his "Due process requirements," he fails to identify specific causes of action for which he seeks relief. Consequently, Plaintiff's Complaint fails to comply with Rule 8. *See Sherrell v. Bank of Am., N.A.*, 2011 U.S. Dist. LEXIS 147427, at *11 (E.D. Cal. Dec. 22, 2011) (explaining that "when suing multiple defendants . . . '[s]pecific identification of the parties to the activities alleged by plaintiff[] is required in this action to enable the defendant to plead intelligently'").

### B. Liability of the Kern County Sheriff's Department

To the extent Plaintiff seeks to state a claim for a violation of his due process rights under 42 U.S.C. § 1983, he is informed that the Kern County Sheriff's Department is not a proper defendant. Municipalities or other governmental bodies may be sued as a "person" under Section 1983 for the deprivation of federal rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, the Ninth Circuit has determined "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005). In *Morris v. State Bar*, the Court considered whether the City of Fresno Fire Department was amenable to suit and held:

> Municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995). Other types of governmental associations are only subject to suit under Section 1983 if the parties that created them intended to create a separate legal entity. *Hervey*, 65 F.3d at 792 (intergovernmental narcotics team is not subject to suit). *See also*

*Sanders v. Aranas*, 2008 U.S. Dist. LEXIS 6402, 2008 WL 268972, 3 (E.D. Cal. 2008) (the Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno).

...The City of Fresno is the proper party because it is the governmental entity considered a "person" under § 1983. The Fresno Fire Department is a "sub-unit" of the City of Fresno and is not a person under § 1983.

*Morris v. State Bar*, 2010 U.S. Dist. LEXIS 36945, at *6-7 (E.D. Cal. Mar. 10, 2010). Notably, several decisions in the Eastern District held sheriff and police departments are not "persons" under Section 1983.[1] *See, e.g., Alston v. County of Sacramento*, 2012 U.S. Dist. LEXIS 95494, at *6-7 (E.D. Cal. July 10, 2012); *Hall v. Placer County Sheriff's Dep't*, 2011 U.S. Dist. LEXIS 137552, at *31-32 (E.D. Cal. Nov. 30, 2011); *Pellum v. Fresno Police Dep't*, 2011 U.S. Dist. LEXIS 10698, at *6 (E.D. Cal. Feb. 2, 2011).  Thus, given its status as a department of Kern County, the Sheriff's Department is not the proper defendant to Plaintiff's claim for a violation of due process.

### C. Liability of the Public Defender

Plaintiff alleges that the public defender did not inform him "of all the aspects and breaking news in his case." (Doc. 1 at 2.)  Notably, however, Plaintiff alleges the initial charges against him were dropped, and there are no facts alleged such that the Court may determine representation by the public defender continued after that point.  (*See id.*)

Moreover, if Plaintiff seeks to proceed under 42 U.S.C. § 1983 for a violation of his civil rights, he is informed that public defenders are considered private individuals, and do not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (a public defender is not subject to 42 U.S.C. §1983, because the responsibility of a public defender is "to represent [a] client, not the interests of the state or county"). Therefore, Plaintiff's public defender is not subject to suit for alleged civil rights violations under 42 U.S.C § 1983.

///

---

[1] Moreover, this rational is followed by other districts within the Ninth Circuit as well.  *See, e.g., Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("the term 'persons' does not encompass municipal departments."); *Ortega v. Chula Vista Police Dep't*, 2010 U.S. Dist. LEXIS 66960, at *2 (S.D. Cal. June 29, 2010) (the "Chula Vista Police Department lacks capacity to be sued under Section 1983. . .").

**V.      Conclusion and Order**

A plaintiff should be granted leave to amend when the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In this case, Plaintiff's complaint fails to identify the causes of action on which he seeks to proceed.  Because the Court cannot find with certainty that amendment would be futile, or that Plaintiff is unable to state a claim upon which relief can be granted, Plaintiff will be given leave to file a First Amended Complaint that complies with the requirements of Rule 8 and gives fair notice to the defendants of his claims. *See Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile); *see also Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Further, Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  The amended pleading must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  Consequently, once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  The document must bear the docket number assigned this case and must be labeled "First Amended Complaint."

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED with leave to amend**;
3. Within 21 days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint; and

///

///

4. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order pursuant to Local Rule 110</u>.

IT IS SO ORDERED.

Dated: **May 19, 2014**                              /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE