UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE A. FEDERICO,<br><br>             Plaintiff,<br><br>        v.<br><br>KERN COUNTY PUBLIC DEFENDER'S OFFICE, et al.,<br><br>             Defendant. | Case No.: 1:14-cv-00702 - --- - JLT<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

Lawrence Federico ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with an action against the Kern County Public Defender's Office, Kern County Sheriff's Department, and the County of Kern. Because Plaintiff has failed to prosecute this action and failed to comply with the Court's orders it is recommended that the action be **DISMISSED** without prejudice.

**I.      Background**

The Court screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2), and found Plaintiff failed to identify the causes action on which he seeks to proceed. (Doc. 3) The Court dismissed Plaintiff's complaint with leave to amend on May 19, 2014, and ordered Plaintiff to file a First Amended Complaint within twenty-one days of the date of service. (*Id.* at 4.)

Because Plaintiff failed to file an amended complaint, the Court issued an order to show cause on June 13, 2014. (Doc. 4.) The Court informed Plaintiff that the action may be dismissed for

Plaintiff's failure to prosecute and failure to comply with the Court's orders. (*Id.* at 2.) The Court ordered Plaintiff to show cause why the action should not be dismissed, or in the alternative to file an amended complaint. (*Id.*) To date, Plaintiff has failed to comply with the Court's order.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this

action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court and failure to prosecute. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, Plaintiff was warned that if he failed to file an amended complaint, "<u>the action will be dismissed for failure to obey a court order pursuant to Local Rule 110</u>." (Doc. 3 at 6, emphasis in original). In addition, in the Order to Show Cause, the Court reminded Plaintiff that an action may be dismissed "based on a party's failure to prosecute an action or failure to obey a court order." (Doc. 4 at 2.) Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders, and his failure to prosecute the action. Further, these warnings satisfy the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.   Order

Plaintiff failed to comply with, or otherwise respond to, the Court's orders dated May 19, 2014 (Doc. 3) and June 13, 2014 (Doc. 5). Consequently, Plaintiff has also failed to prosecute this action through his failure to file a First Amended Complaint.

Good cause appearing, **IT IS HEREBY ORDERED**: The Clerk of Court is DIRECTED to assign a United States District Judge to this action.

## V.   Findings and Recommendations

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED without prejudice**; and
2. The Clerk of Court be DIRECTED to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 7, 2014**                              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE